UNITED STATES DISTRICT COURT
WESTERN DISTRICT of TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **CARLOS L. HARRIS,**<br>    TDCJ # 1607259<br><br>    **Petitioner**<br><br>v.<br><br>**MRS. WINKLER,** Head of Classification at<br>    Dominguez State Jail,<br>**ROBERT BALLI,** Warden at<br>    Dominguez State Jail,<br>**RICK THALER,**<br>**Texas Department of Criminal Justice**<br>**Correctional Institutions Division Director,**<br><br>    **Respondents** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action<br>No. SA-10-CA-385-OG (NN) |

**SHOW CAUSE ORDER**

Carlos L. Harris has filed a 42 U.S.C. § 1983 civil rights complaint. Harris asserts on November 10, 2009, he received an eighteen-month state-jail sentence, and he was fined $500. Harris received credit for previous time served, dating back to June 5, 2009. Public records show he was convicted and sentenced for delivery of cocaine in cause number 08-CR-3355-D in Nueces County, Texas. Harris contends he has not received the proper amount of credit for his sentence. Harris asserts that under Tex. Code Crim. Proc. art. 43.09 he has been entitled to credit for confinement at a rate of $50 per day and that the $50 should be reimbursed for one day off his sentence for each day confined. Harris claims he should have been released March 5, 2010. Harris contends he has performed more than sixty or eighty days of labor at the state jail facility (the exact number is not clearly written in Harris's complaint).

Harris does not specify the relief he seeks, but it is clear that he is seeking release from confinement. In *Preiser v. Rodriguez*, 411 U.S. 475, 487-88, 499, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973), the Supreme Court held that where an inmate seeks release from confinement the inmate's

sole remedy is through a writ of habeas corpus, and that relief is not available in a § 1983 civil rights case. Pursuant to *Castro v. United States*, 540 U.S. 375, 381-83 (2003), Defendant is notified that his complaint will be recharacterized as a 28 U.S.C. § 2254 petition. Defendant is warned that any subsequent § 2254 petition will be subject to restrictions as a second or successive § 2254 petition. *See In re Tolliver*, 97 F.3d 89, 90 (5th Cir. 1996).

It does not appear Petitioner Harris has exhausted his claim. Habeas corpus relief, whether sought pursuant to 28 U.S.C. § 2254 or § 2241, is not available until the petitioner has exhausted the available State remedies. *Dickerson v. State of Louisiana*, 816 F. 2d 220, 225 (5th Cir. 1987). To exhaust state remedies in Texas, a petitioner must present her claim to the Texas Court of Criminal Appeals. *Richardson v. Procunier*, 762 F. 2d 429, 431 (5th Cir. 1985). According to the Texas Court of Criminal Appeals's website, Petitioner Harris has not filed a state habeas corpus application. Therefore, his claim is unexhausted.

Also, Petitioner's claim lacks merit. He contends he should have been given credit under Tex. Code Crim. Proc. art. 43.09. However, that statute concerns discharging a fine through work while in a county jail, and it does not control how the eighteen-month sentence is discharged.

Petitioner states he received pretrial jail credit that in effect made June 5, 2009, the sentence begin date. According to the Texas Department of Criminal Justice website, Petitioner's 18 month, or one year and six months, sentence is set to be discharged on December 1, 2010, which is slightly less than 18 months.

Petitioner has not shown he has not received any time credit to which he is entitled. Therefore, he has not shown he is entitled to habeas corpus relief.

**Therefore, Petitioner is directed to show cause within twenty (20) days why his habeas corpus petition should not be dismissed for failure to exhaust his State remedies and because Petitioner does not allege facts showing he is entitled to habeas corpus relief.** If Petitioner fails

to respond to this Order, his Petition will also be dismissed for failure to prosecute and failure to comply with the Orders of this Court pursuant to Fed. R. Civ. P. 41(b). *See Martinez v. Johnson*, 104 F. 3d 769, 772 (5th Cir. 1997).

    **It is so ORDERED.**

    **SIGNED** on May 27, 2010.

*[signature]*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE